IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTIRCT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| CARLOS CRUZ, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: |
| | ) | |
| CENTMAX CORPORATION, | ) | |
| TONY DILLARD, AND | ) | |
| NINA GILBERT, | ) | |
| | ) | JURY TRIAL REQUESTED |
| DEFENDANTS. | ) | |
| | ) | |

## COMPLAINT

NOW COMES Plaintiff, Carlos Cruz, and hereby files this action pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §201 *et seq.* (hereinafter "FLSA"), seeking payment for unpaid wages, liquidated damages, actual damages, compensatory damages, for Defendants' violation of the FLSA. Plaintiff further seeks reasonable attorneys' fees, costs and interest pursuant to 29 U.S.C. §216(b). Plaintiff states the following as his Complaint in this matter:

**I.    JURISDICTION AND VENUE**

1.

Jurisdiction is conferred upon this Court by 29 U.S.C. §§216(b), 215(a)(3) of the Fair Labor Standards Act, by 29 U.S.C. §1331, this action arising under the

laws of the United States, and by 28 U.S.C. §1337, this action arising under an act of Congress regulating commerce.

2.

Venue in this Court is proper pursuant to 28 U.S.C. §1391(b).

3.

Based upon Plaintiff's information and belief, Defendant Centmax Corporation ("Centmax"), is a foreign Corporation organized and existing under the State laws of Delaware, with a principal place of business of 6080 Center Drive, Los Angeles, California 90045.

4.

Service of process for Centmax can be effectuated through its registered agent, Harvard Business Services, Inc., 16192 Coastal Hwy, Lewes, Delaware 19958.

5.

Based upon Plaintiff's information and belief, Defendant, Tony Dillard ("Dillard"), is an adult resident citizen of New York, County of New York.

6.

Based upon Plaintiff's information and belief, Defendant, Nina Gilbert ("Gilbert"), is an adult resident citizen of Los Angeles, County of Los Angeles.

7.

The cause of action set forth in this Complaint arose within this jurisdiction.

**II.   PARTIES**

8.

Plaintiff, Carlos Cruz, is an adult resident citizen of Walton County, Georgia.

9.

At all times relevant to this Complaint, Plaintiff was a "covered employee" as defined by 29 U.S.C. §203(e)(1).

10.

At all times relevant, Defendants employed the Plaintiff to perform labor for their benefit in this District, and Defendants made employment and compensation related decisions regarding the Plaintiff within this District.

11.

At all times relevant hereto, Plaintiff suffered and/or was permitted to work for the benefit of the Defendants.

12.

Defendant Centmax lists its principal office address as 6080 Center Drive, Los Angeles, California 90045.  Upon information and belief, Defendant Centmax is a foreign Corporation conducting business within the State of Georgia and within this district.

13.

Defendant Dillard is a resident of New York, New York.

14.

Defendant Gilbert is a resident of Los Angles, California.

15.

Defendant's business is as a convenience as providing business planning services, marketing services and business lending services.

16.

The Defendants are engaged in interstate commerce for purposes of the FLSA.

17.

Upon information and belief, Defendants' gross revenue is in excess of $500,000 per year.

18.

Defendants directed Plaintiff to individually engage in interstate commerce.

19.

Plaintiff, as part of his job duties, regularly engaged in interstate commerce.

20.

Defendants are employers within the meaning of 29 U.S.C. §203(d) and are not exempt from the FLSA.

### III. FACTUAL ALLEGATIONS

21.

Plaintiff is an adult resident of the State of Georgia. Plaintiff was employed by the Defendants from on or about October 19, 2016 through the present as a Homebased B2B Sales Representative.

22.

Plaintiff was compensated on an hourly basis by the Defendants during times relevant.

23.

As an hourly employee, Plaintiff was entitled to full pay for each hour worked and overtime for any time worked over forty (40) hours per week.

24.

Plaintiff was employed in a position that involved interstate commerce as defined by the FLSA and/or employed in an enterprise that engaged in interstate commerce.

25.

Upon information and belief, Defendants classified Plaintiff as a fulltime non-exempt employee, compensating him on an hourly basis.

26.

Plaintiff was compensated on an hourly basis of $18.00 per during times relevant.

27.

In his capacity as a Homebased B2B Sales Representative, Plaintiff was required to perform a variety of duties, including but not limited to contacting prospective sales leads via telephone through the Defendant's web based dialer system from his home office in Walton County.

28.

Defendants required Plaintiff to submit the hours suffered by utilizing a web based timekeeping system.

29.

Plaintiff submitted approximately 186.4 hours to the Defendants for compensation during times relevant to this Complaint.

30.

Despite reporting these hours to the Defendants, the Defendants failed to pay Plaintiff for any hours suffered.

31.

During the tenure of Plaintiff's employment, Plaintiff complained to the Defendants that he was not being compensated.

32.

Plaintiff's complaint regarding his compensation to his employer constituted protective activity pursuant to the FLSA.

33.

Defendants advised Plaintiff that payment would be forthcoming, but the Defendants failed to ensure that Plaintiff was timely compensated.

34.

Defendants have willfully failed to comply with the provisions of the FLSA, 29 U.S.C. §207, specifically, by failing to pay Plaintiff for the hours suffered on (including those minimum wages) on their regular paydays.

35.

Defendants have willfully failed to comply with the provisions of the FLSA, 29 U.S.C. §207, specifically, by failing to pay Plaintiff for all hours worked.

36.

Defendants have failed to keep accurate time records for the Plaintiff in conformity with the FLSA.

37.

Defendants failed to properly post the Department of Labor wage and hour notices in conspicuous places as required by 29 C.F.R. §516.4.

38.

Defendants knowingly, intentionally, willfully and recklessly failed to pay the Plaintiff in conformity with the requirements of the FLSA.

39.

Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have had a uniform policy and practice of consistently failing or refusing to fully compensate its employees for all time worked, including not receiving the straight time wages and overtime premium wages.

40.

For at least three (3) years, Defendants have been aware of the requirements of the FLSA, the Department of Labor's regulations, and their own violations of the FLSA. Despite this knowledge, Defendants failed to pay Plaintiff the amount of pay as required by law.

41.

Upon information and belief, Defendants have negligently, intentionally and repeatedly failed to pay minimum wages and wages when due.

42.

As a result of these actions, Defendants fraudulently concealed the true hours worked by its employees and the applicable statute of limitations is tolled for as long as Defendants engaged or engages in the fraudulent and misleading conduct set forth above, which is a period of at least seven (7) years. Defendants are estopped from raising such statute of limitations as a bar to full recovery.

43.

As a result of the Defendants' violation of the FLSA, Plaintiff has suffered damages by failing to receive compensation due in accordance with the FLSA.

44.

Plaintiff is entitled to the amount of unpaid wages and is also entitled to recover an additional equal amount as liquidated damages pursuant to the FLSA and prejudgment interest.

45.

Defendants have not made a good faith effort to comply with the FLSA.

46.

Plaintiff is entitled to an award of attorneys' fees under the FLSA.

47.

Plaintiff has no plain, adequate or complete remedy to redress the allegation contained herein and this suit for lost wages, back-pay, and declaratory judgment and injunctive relief is the only avenue to secure adequate relief.

**IV.  COUNT ONE: CLAIMS FOR VIOLATIONS OF THE FLSA - FAILURE TO PAY WAGES**

48.

Plaintiff incorporate by reference paragraphs 1 – 47 as if full set forth herein.

49.

Plaintiff as non-exempt employees of Defendants was entitled to be paid for all hours worked.

50.

The Defendants have willfully failed to compensate Plaintiff for all hours suffered during his employment, including paying Plaintiff his wages (including those minimum wages) on their regular paydays.

51.

Defendants, by such failure, have willfully violated the wage provisions of the FLSA.

52.

Defendants through such a failure to pay wages and minimum wages on time is an unlawful act under the FLSA and have willfully violated the provisions of the FLSA.

**WHEREFORE**, Plaintiff prays that this Honorable Court enter judgment in favor for:

A. Payment of all wages Plaintiff should have received under the FLSA, but for Defendants' willful violation;

B. Payment of an equal amount of liquidated damages and interest pursuant to the FLSA;

C. Such other legal and equitable relief including but not limited to, any injunctive and/or declaratory relief, to which they may be entitled; and

D. All reasonable costs and attorneys' fees pursuant to the FLSA.

Respectfully submitted, this 6th day of March, 2017.

*Attorneys for Plaintiff*

**THE VAUGHN LAW FIRM, LLC**

/s/ Christopher D. Vaughn_____
Christopher D. Vaughn, Esq.
Georgia Bar No. 726226
Frank DeMelfi, Esq.
Georgia Bar No. 320128

246 Sycamore Street Suite 150
Decatur, Georgia 30030
phone: 404-378-1290
facsimile: 404-378-1295